UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICK D.,

                Plaintiff,

v.

ACTING COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. 3:20-cv-6098-TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for Title II disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

I.     FACTUAL AND PROCEDURAL HISTORY

On July 26, 2018, plaintiff filed an application for DIB; the relevant disability onset date would be as of August 17, 2017. *See* Dkt. 8, Administrative Record ("AR"), ALJ Decision, at 18-19; Dkt. 13, plaintiff's opening brief at 2. The date last insured was December 31, 2019. AR 21. A hearing was held before Administrative Law Judge Dantonio ("the ALJ") on March 5, 2020. ALJ Decision, AR 43-89.

On April 3, 2020, the ALJ determined plaintiff to be not disabled. AR 18-35. The ALJ found that plaintiff had the following impairments that were severe, and medically

ORDER - 1

determinable: "lumbar spine degenerative disc disease, diabetes with polyneuropathy, morbid obesity, major depressive disorder, and attention deficit hyperactivity disorder (ADHD)." AR 21. In addition, the ALJ found that plaintiff suffered from non-severe impairments: "history of obstructive sleep apnea; bilateral knee pain; multiple joint pain; history of Osgood-Schlatter disease; gout; chronic tachycardia; diabetic retinopathy; left hearing loss; hypertension; hyperlipidemia; angioedema; acute vasomotor rhinitis; left elbow gout; right elbow bursitis; and history of alcoholism." AR 21.

II. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

III. DISCUSSION

**A. The ALJ's evaluation of medical opinions.**

Plaintiff contends that the ALJ erred when evaluating the medical evidence, opinions of: Peter A. Weiss, Ph.D. and Stephen Greaney, M.D.. With respect to Derek Leinenbach, M.D.; Neil Nelson Saldua, M.D.; Michael Decker, M.D.; Theresa Karplus, M.D.; Renee Eisenhauer, Ph.D.; and Carol Moore, Ph.D.; plaintiff does not specifically argue the ALJ erred concerning their individual opinions, but argues that the medical evidence concerning opinions of those professionals supports plaintiff's subjective testimony. Dkt. 13 at 3-8.

ORDER - 2

Defendant contends the ALJ had substantial evidence upon which to determine that these medical professionals' opinions were unpersuasive. Dkt. 14, Defendant's Response, at 9-16.

Because plaintiff filed his application in August 2017, the regulations applicable to cases where the plaintiff applied for benefits after March 27, 2017 apply to this case. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017). Under the 2017 revised regulations, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

The ALJ must explain with specificity how they considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). That explanation must be legitimate, as the Court will not affirm a decision that is based on legal error or not supported by substantial evidence. *See Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Thus, the regulations require the ALJ to provide specific and legitimate reasons to reject a doctor's opinions. *See Kathleen G. v. Comm'r of Soc. Sec.*, No. C20-461 RSM, 2020 WL 6581012 at *3 (W.D. Wash. Nov. 10, 2020) (unpublished opinion) (finding that the new regulations do not clearly supersede the "specific and legitimate" standard because the "specific and legitimate" standard refers not to how an *ALJ* should weigh or evaluate opinions, but rather the standard by which the *Court* evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence).

ORDER - 3

It is unnecessary for the ALJ to "discuss *all* evidence presented". *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). However, an ALJ "may not reject 'significant probative evidence' without explanation*.*" *Vincent v. Heckler*, at 1395 (quoting *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981)).

Social Security regulations require an ALJ to consider side effects of medication taken for pain or other symptoms when assessing allegations of disabling symptoms. 20 C.F.R. § 404.1529(c)(3)(iv).

To the extent that an ALJ accepts a physician's opinion, they must incorporate the limitations contained in that opinion into the RFC*. See Magallanes v. Bowen,* 881 F.2d 747, 756 (9th Cir. 1989). The hypothetical question presented to the vocational expert at step five must be based on medical assumptions supported by medical evidence in the record; if the hypothetical does not include the plaintiff's limitations, "the ALJ's reliance on the vocational expert's answers [is] improper." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012).

<u>Peter A. Weiss, Ph.D.</u>

Plaintiff argues the ALJ erred by finding that Dr. Weiss relied solely on plaintiff's "strong performance" on a mental health examination, or on a description of plaintiff's daily activities that was inaccurate because plaintiff allegedly minimized those activities. Plaintiff also contends the ALJ erred by finding the plaintiff managed his symptoms successfully with medication. And plaintiff argues the ALJ should not have rejected Dr. Weiss's opinion on the basis that plaintiff often denied experiencing any mental health symptoms. Dkt. 13 at 3.

After examining plaintiff on December 6, 2018, Dr. Weiss opined that plaintiff "appears to be experiencing significant impairment from Major Depressive Disorder and multiple medical problems". AR 515. Dr. Weiss found marked impairment in socialization, concentration, persistence, and overall adaptive impairment. *Id.* Dr. Weiss observed that plaintiff was taking Sertraline 100 mg daily, for approximately one year, and this medication was prescribed by his primary care physician; plaintiff also recalled having taken Prozac for a brief period years before. AR 512. Dr. Weiss stated that plaintiff's symptoms would probably improve if he obtained psychotherapy, and that the prognosis for plaintiff's depression appears good, if plaintiff pursued psychotherapy as a treatment. *Id.*

Regarding the ALJ's reasoning that plaintiff had minimized his activities when he described them to Dr. Weiss, the doctor's analysis indicates that plaintiff reported to Dr. Weiss "he does not do basic household chores such as cooking, cleaning, and laundry." AR 513. And, Dr. Weiss observed that plaintiff "appeared to be at least an adequate historian". AR 512.

According to Dr. Leinenbach's report concerning an examination conducted on April 25, 2019, plaintiff stated that he "performs light household chores", and he could drive a short distance and run errands. AR 560. In plaintiff's testimony during the hearing on March 5, 2020, he explained, "I do dishes", and "I make the bed". AR 48. This evidence supports the ALJ's finding that plaintiff was minimizing daily activities during his evaluation with Dr. Weiss – under-reporting the amount of household chores and other activities he had an ability to perform – and is "'such relevant evidence as a

ORDER - 5

reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

. Because substantial evidence supports one of the reasons the ALJ discounted Dr. Weiss's opinion, the Court need not assess whether the other reasons were proper, as any error would be harmless. *See Presley-Carrillo v. Berryhill*, 692 Fed. Appx. 941, 944–45 (9th Cir. 2017) (citing *Carmickle,* 533 F.3d 1155, 1162 (9th Cir. 2008) (although an ALJ erred on one reason he gave to discount a medical opinion, "this error was harmless because the ALJ gave a reason supported by the record" to discount the opinion").

### Stephen Greaney, M.D.

Plaintiff asserts the ALJ erred by determining that Dr. Greaney's opinions were not persuasive. Dkt. 13 at 5. Plaintiff contends that the ALJ's reasoning -- that some findings in the record show less impairment than Dr. Greaney assessed – does not support the ALJ's determination regarding the work-related limitations associated with diabetic neuropathy. *Id.*

Dr. Greaney was plaintiff's primary care physician and saw him for six appointments between January 24, 2017 and February 7, 2020. AR 594, 617. Dr. Greaney submitted responses to a questionnaire dated 2-7-2020, opining that plaintiff would need to change positions from sitting to standing, elevate his legs above the heart for about 50% of the eight-hour workday, take breaks about every two hours – with a need to rest for about an hour before returning to work -- and plaintiff would be off-task for about 25% of the time during a typical workday. AR 614-617.

ORDER - 6

In his opinion, Dr. Greaney stated that breaks would be necessary because plaintiff had muscle weakness, pain with paresthesias, numbness, chronic fatigue, adverse effects of medication, and lack of flexibility. AR 615. Plaintiff would need to elevate his legs often, because of swelling and pain. AR 616. He also indicated that plaintiff had the following symptoms: "Back pain, irritability, neuropathy in feet which affects balance and sensation". AR 614.

Dr. Greaney stated that plaintiff's psychological condition of irritability would affect his physical condition, but Dr. Greaney did not opine that any other psychological condition would have any impact. AR 615.

The ALJ found Dr. Greaney's assessment was not persuasive, because it was inconsistent with the medical evidence: "claimant ambulated with a steady gait and did not exhibit any neurological deficits in the extremities, with the exception of decreased sensation in the feet." AR 32. There is evidence in the record of numbness in plaintiff's feet, and notes from medical appointments with plaintiff indicate polyneuropathy symptoms and complications with respect to diabetic neuropathy that Dr. Greaney described in his 2020 opinion. AR 346-348, 369, 388, 390-394, 401-402, 406, 412-414, 473-476, 493-496, 561-562, 600.

Dr. Greaney also noted that plaintiff was on medications with adverse effects that would cause plaintiff to require frequent breaks in the work environment. AR 615. Social Security regulations require an ALJ to consider side effects of medication taken for pain or other symptoms when assessing allegations of disabling symptoms. 20 C.F.R. § 404.1529(c)(3)(iv).

ORDER - 7

Harmless error principles may be applied in judicial review of Social Security disability cases. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). An error is harmless if it is "inconsequential to the ultimate non[-]disability determination." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008). In this case, the ALJ did not make any mention in the RFC of plaintiff needing frequent breaks, or being off-task 25% of the workday, because of diabetic neuropathy or medication side effects. AR 25. The only reference to breaks is that plaintiff would need "the ability to take breaks at the usual and customary times during the workday." *Id.* The ALJ did not include frequent and lengthy breaks, or being off-task for 25% of the workday, in the hypothetical he posed to the Vocational Expert, Mr. Gendreau. AR 79-87.

There is ambiguity concerning the ALJ's reasons for rejecting Dr. Greaney's opinion regarding the nature and extent of plaintiff's limitations due to diabetic neuropathy and side effects of medications. The Court therefore finds that because there is not substantial evidence in the record to support the ALJ's conclusion that Dr. Greaney's opinion regarding diabetic neuropathy and side effects of medication were unpersuasive, reversal and remand for additional proceedings is necessary.

**B. The ALJ did not err with respect to lay witness testimony.**

For cases where the applications for benefits were filed after March 27, 2017, such as this one, an ALJ is "not required to articulate" how he or she evaluated evidence from non-medical sources such as educational personnel, public and private social welfare agency personnel, and other lay witnesses. 20 C.F.R. §§ 404.1502(e),

404.1520c. Accordingly, the ALJ did not err by neither articulating any reasoning, nor indicating whether the ALJ considered this evidence.

### C. The ALJ erred when evaluating plaintiff's subjective statements

To reject a claimant's subjective complaints, the ALJ's decision must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. "[B]ecause subjective descriptions may indicate more severe limitations or restrictions than can be shown by medical evidence alone," the ALJ may not discredit a subjective description "solely because it is not substantiated affirmatively by objective medical evidence." *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

Although "[c]ontradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony", *Carmickle,* 533 F.3d 1155, 1161 (9th Cir. 2008), a mere "lack of medical evidence cannot form the sole basis for discounting [symptom] testimony." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). The ALJ found that Plaintiff showed, "full strength, sensation, and reflexes of the extremities, with the exception of decreased sensation in his feet" as well as walking without an assistive device. AR 28. Yet these normal findings do not contradict plaintiff's allegations, for example, of neuropathy.

An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

Here, the ALJ improperly discounted plaintiff's subjective complaints, as well as Dr. Greaney's opinions on Plaintiff's limitations, in making an RFC assessment. This RFC informed the ALJ's hypothetical posed to the Vocational Expert, and impacted the ALJ's conclusion that plaintiff was not disabled. Because the erroneous adverse credibility determination was of consequence to the ultimate determination of disability, the error was harmful.

**Remand for additional proceedings is the appropriate remedy.**

Plaintiff has requested a remand for a new hearing. When an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017).

Here, outstanding issues require resolution before benefits may be awarded. Conflicts exist between the opinion of Dr. Greaney and the agency medical sources, and the ALJ must re-assess plaintiff's testimony. AR 24–26. Remand is required so that the ALJ may evaluate the medical opinions, as well as any new evidence and any new testimony from Plaintiff, and determine whether Plaintiff is disabled.

The ALJ shall reassess the RFC on remand. *See* Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC, the ALJ is directed to re-evaluate Step Five to determine whether there

ORDER - 10

are jobs existing in significant numbers in the national economy Plaintiff can perform given the RFC.

IV.  **CONCLUSION**

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded.

Dated this 14th day of December, 2021.

Theresa L. Fricke
United States Magistrate Judge

ORDER - 11