UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PATRICK L DARDEN,<br><br>  Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | Case No. C20-6098 TLF<br><br>ORDER ON PLAINTIFF'S CONTESTED MOTION FOR ATTORNEY'S FEES |

This matter comes before the Court on plaintiff's opposed motion for attorney's fees pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA). Dkt. 22, 24. For the reasons set forth below, the Court grants plaintiff's motion for attorney's fees (Dkt. 22) with a 10 percent reduction to the requested fee award.

BACKGROUND

Plaintiff filed this action seeking review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits. Dkt. 4. This Court issued an order reversing and remanding this matter for further administrative proceedings pursuant to 42 U.S.C. § 405(g). Dkt. 19.

Plaintiff filed a motion seeking $8,316.66 in attorney fees and $6.50 in expenses. Dkt. 22. Plaintiff's attorneys have submitted an itemization of fees and expenses. Dkt. 22-2. According to this itemization, plaintiff's attorneys – Eitan Yanich and Noah Yanich – spent a combined 29.7 hours reviewing the file and preparing the opening brief in this

action. Dkt. 22-2. Noah Yanich spent 20.3 hours reviewing the file and drafting the testimony and documentary evidence section of the opening brief, while Eitan Yanich spent 9.4 hours reviewing the file, drafting, editing and filing the opening brief. Dkt. 22-2. Defendant has opposed plaintiff's motion contending the requested fee award should be reduced because the number of hours expended by plaintiff's attorneys were excessive. Dkt. 24. Plaintiff has not filed a reply in support of the motion.

## DISCUSSION

In any action brought by or against the United States, the EAJA states "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The government has the burden of proving its positions overall were substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010) (citing *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995)).

Further, if the government disputes the reasonableness of the fee, it "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley*, 461 U.S. at 433, 436-37.

ORDER ON PLAINTIFF'S CONTESTED MOTION FOR
ATTORNEY'S FEES - 2

Defendant does not dispute that plaintiff is entitled to an award of fees under the EAJA. Dkt. 24. Instead, defendant argues that the time expended by plaintiff's attorney is not reasonable. Dkt. 24. Specifically, defendant object to the reasonableness of the 29.7 hours plaintiff's attorneys spent reviewing the file and drafting the opening brief. Dkt. 24. Defendant argues plaintiff's requested fee should be reduced by 10 percent to $7,485. Dkt. 24.

Once the Court determines a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." *Hensley*, 461 U.S. at 429, 433 n.7. "When the district court makes its award, it must explain how it came up with the amount. The explanation need not be elaborate, but it must be comprehensible. As *Hensley* described it, the explanation must be 'concise but *clear*.'" *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (emphasis in original, citations omitted). In determining whether the hours expended were reasonable, this Court will consider: (1) awards in similar cases; and (2) the novelty and difficulty of the questions involved in this case. *See Hensley*, 461 U.S. at 429–30 n.3; *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). Furthermore, "a district court can impose a reduction of up to 10 percent—a 'haircut'—based purely on the exercise of its discretion and without more specific explanation." *Costa v. Comm'r of SSA,* 690 F.3d 1132, 1136 (9th Cir. 2012) (citing *Moreno v. City of Sacramento,* 534 F.3d 1106, 1112–13 (9th Cir. 2008).

Based on the record before the Court, a 10 percent reduction in plaintiff's requested attorney's fees is warranted in this action.

Nothing in the record indicates that the record, relevant facts, or legal issues in this action were particularly complex or novel. Plaintiff's opening brief alleges that the ALJ erred in evaluating: (1) the medical opinion evidence, (2) plaintiff's testimony, (3) lay witness evidence and (4) plaintiff's residual functional capacity. Dkt. 13. These issues are routinely addressed in Social Security disability cases. Dkt. 13.

Based on the foregoing discussion, the Court finds that plaintiff's requested fees are not reasonable, and a 10 percent reduction is warranted.

## CONCLUSION

For the above stated reasons, the Court grants plaintiff's motion for attorney's fees (Dkt. 22) but with the 10% reduction, as follows:

Plaintiff is awarded attorney's fees in the amount of $7,485.00 and expenses in the amount of $6.50 pursuant to the EAJA subject to any offset allows as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010).

The Commissioner shall contact the Department of Treasury to determine if the EAJA Award is subject to any offset. If the U.S. Department of the Treasury verifies to the Office of General Counsel that plaintiff does not owe a debt, the government shall honor plaintiff's assignment of EAJA Award and pay the EAJA Award directly to Eitan Yanich, plaintiff's counsel. If there is an offset, any remainder shall be made payable to plaintiff, based on the Department of the Treasury's Offset Program and standard

1 practices, and the check shall be mailed to plaintiff's counsel, Eitan Yanich, Law Office

2 of Eitan Yanich, PLLC, at 203 Fourth Avenue E., Suite 321, Olympia, WA 98501.

3     Dated this 16th day of June, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge